# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE LEE PARKS, JR., | Case No. 1:16-cv-00094- EPG-HC |
| Petitioner, | ORDER REGARDING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 2) |
| v. | |
| ROBERT FOX, | |
| Respondent. | |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 wherein he challenges his 2008 conviction in the Fresno County Superior Court. (ECF No. 1). The instant petition fails to set forth Petitioner's grounds for habeas relief and therefore is subject to dismissal. See Rule 4 of the Rules Governing Section 2254 Cases ("If it plainly appears from the petition and any attached exhibits that the petition is not entitled to relief in the district court, the judge must dismiss the petition . . ."). In the section of the petition where specific grounds for relief must be identified along with supporting facts, Petitioner wrote "See attached Habeas Corpus and Opening brief submitted with this Federal Habeas Corpus petition," but failed to include any attachment. (ECF No. 1 at 4).[1] Therefore, the Court will grant Petitioner the opportunity to file the missing attachment to supplement the instant petition.

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

Petitioner also has requested the appointment of counsel. (ECF No. 2). There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the proceeding for financially eligible persons if "the interests of justice so require." See Rule 8(c) of the Rules Governing Section 2254 Cases. To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Petitioner argues that counsel should be appointed because he is developmentally disabled and has low cognitive functioning, which makes it difficult for Petitioner to read, write, and understand legal issues and material regarding his case. (ECF No. 2 at 1). The Court notes that Petitioner submitted his petition and the motion for appointment of counsel with the assistance of a Library Technical Assistant. (ECF No. 1 at 5; ECF No. 2 at 3). At this point in the proceeding, the Court cannot "evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved" since Petitioner has failed to identify his grounds for habeas relief in the instant petition. Weygandt, 718 F.2d at 954. Therefore, the Court does not find that the interests of justice require the appointment of counsel at the present time.

///
///
///
///
///
///
///
///
///

Accordingly, the Court HEREBY ORDERS that:

1. Petitioner's motion for appointment of counsel is DENIED without prejudice; and
2. Within **FORTY-FIVE (45) days** of the date of service of this order, Petitioner shall file the "Habeas Corpus and Opening brief" which he failed to attach to the instant petition.

Petitioner is forewarned that if he fails to file the missing attachment within the forty-five (45) day time frame, the Court will recommend dismissal of the instant petition.

IT IS SO ORDERED.

Dated:   **January 27, 2016**           /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE

3