# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE LEE PARKS, JR.,<br><br>Petitioner,<br><br>v.<br><br>ROBERT FOX,<br><br>Respondent. | Case No. 1:16-cv-00094-LJO-EPG-HC<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner Archie Lee Parks, Jr. is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In the instant petition, Petitioner challenges his 2008 conviction in the Fresno County Superior Court. As Petitioner has previously sought federal habeas relief with respect to the challenged conviction, the Court finds that dismissal of the petition is warranted pursuant to 28 U.S.C. § 2244(b) because it is an unauthorized successive petition.

## I.

## BACKGROUND

On January 21, 2016, Petitioner filed the instant petition for writ of habeas corpus. (ECF No. 1). In the section of the petition where specific grounds for relief must be identified along with supporting facts, Petitioner wrote "See attached Habeas Corpus and Opening brief submitted with this Federal Habeas Corpus petition," but failed to include any attachment. (ECF

1

No. 1 at 4).[1] Accordingly, on January 27, 2016, the Court ordered Petitioner to file the "Habeas Corpus and Opening brief" which he had failed to attach to the petition. (ECF No. 5). On March 31, 2016, Petitioner filed a response to the Court's order. (ECF Nos. 8, 9). Petitioner has filed what appears to be a copy of a motion for rehearing on new evidence that was submitted to the Ninth Circuit Court of Appeals. (ECF No. 9). Nonetheless, the submission sets forth Petitioner's grounds for relief.

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that (1) the claim rests on a new, retroactive, constitutional right, or (2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)–(B). However, it is not the district court that decides whether a second or successive petition meets these requirements.

Section 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, a petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656–57 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given a petitioner

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Burton v. Stewart, 549 U.S. 147, 157 (2007).

In the instant federal petition for writ of habeas corpus, Petitioner challenges his 2008 conviction of assault with intent to commit rape (Cal. Penal Code § 261(a)(2)) in the Fresno County Superior Court. (ECF No. 1 at 1). Petitioner previously sought federal habeas relief in this Court with respect to the same conviction. See Parks v. Cash, No. 1:11-cv-00463-AWI-DLB (denied on the merits); Parks v. Harris, No. 1:11-cv-00745-MJS (dismissed as unauthorized successive petition); Parks v. Gonzalez, No. 1:12-cv-00101-GSA (dismissed as unauthorized successive petition).[2]

The Court finds that the instant petition is "second or successive" under 28 U.S.C. § 2244(b). Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file his successive petition. Therefore, this Court has no jurisdiction to consider Petitioner's renewed application for relief under 28 U.S.C. § 2254 and must dismiss the petition. See Burton, 549 U.S. at 157.

### III.

### RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be DISMISSED as successive.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Petitioner is advised that failure to file objections within the specified time may

---

[2] The Court may take judicial notice of its own records in other cases. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **April 7, 2016**              /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE